PER CURIAM.
This is an appeal from a final judgment, rendered after a jury trial, finding Gulf Life Insurance Company liable for compensatory damages in the amount of $150,-000.00. The appellants argue that the trial court should have granted appellants’ motion for a new trial on the basis that the verdict was excessive and against the manifest weight of the evidence. Appellee argues that the verdict in this case does not approach the maximum limit of reasonable range within which a jury may operate. We agree with appellee and affirm.
On September 24, 1976, Gay Evans McCabe was violently attacked by an unknown assailant while in the parking garage of Gulf Life Towers, a building owned by Gulf Life Insurance Company. The attack lasted three or four minutes and consisted of a constant struggle and attempts by the attacker to strangle the appellee. The attack culminated in a blow to the right side of her face. Appellee sustained a complete fracture of her cheekbone, which required surgery. She also sustained two fractures of her lower jaw. A second surgical procedure was necessary to obtain mobility in her jaw. This surgery was performed in February of 1977. Prior to surgery she could only open her mouth about 18 millimeters. She also suffered an injury to her eye; two teeth were chipped; and one porcelain crown was replaced. Appel-lee testified that she was in severe pain following the attack and has had continuing neck pain. She sustained permanent sensory nerve injury causing numbness in her face. Her mouth, when open, will deviate to the injured side for the rest of her life. She will need constant adjustment of her teeth due to this deviation. She must also use a tongue blade to stretch her mouth open once a week for the rest of her life. Appellee testified that after the attack she had nightmares every night. By July 1977, the dreams did not occur nightly, but were still occurring. This condition existed up to the time of the trial. She testified that she had enjoyed tennis, piano, and reading, but could not now enjoy these activities since she no longer has the concentration and the ability to relax that she needs to perform these activities. She visited a psychiatrist for thesé problems. Her medical bills had totaled about $6,900.00 by the time of the trial. There was an indication that further surgery would be necessary in about 20 years to replace a plastic implant which was inserted in February of 1977. Her life expectancy was determined to be 37.7 years.
*848 In the trial court’s order denying the motion for new trial the judge stated:
“The court is of the view that the verdict is grossly excessive, and that the plaintiff should be required to remit a substantial amount or suffer a new trial on the matter of damages. However, the court is unaware of any standard by which the excessiveness can be measured with a degree of exactness and the court cannot point to any specific matters indicating that the jury was influenced by prejudice, passion or improper motive. Consequently, the court is of the opinion that it is without authority to interfere with the jury’s discretion. Bould v. Touchette (Fla.), 349 So.2d 1181.”
We believe the trial court was correct in denying the motion for new trial. Although the trial judge was of the opinion that a remittitur should be required, he was correct in implying that the amount of the excess must clearly appear from the record. This rule was stated in Wackenhut Corporation v. Canty, 359 So.2d 430 at 434 (Fla.1978). Therefore, the trial judge was correct in interpreting Bould, if not Wacken-hut, to mean the excessiveness must be measured with a degree of exactness. Wackenhut also requires that, although a trial judge has broad discretion to determine whether a new trial is warranted, this discretion may be exercised only where the order for new trial contains reference to the record in support of its conclusion that the verdict is improper or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record. Wackenhut, 359 So.2d at 435. The trial court, in its order, admitted that it could not point to any specific matters indicating that the jury was improperly influenced, or that the verdict was excessive. The trial court was correct in following the dictate of Bould v. Touchette, 349 So.2d 1181 at 1184-1185 (Fla.1977), where the court states:
“In tort cases damages are to be measured by the jury’s discretion. The court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed. The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate.”
Therefore, considering the evidence of appellee's damages as stated above, especially the continuing emotional damage, as well as continuing pain, we hold that an award of $150,000.00 does not obviously exceed the maximum limit of a reasonable range which the jury could properly operate. Accordingly, the judgment below is AFFIRMED.
SMITH, Acting C. J., ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.